IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MICHAEL DEXTER LITTLE, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV205-169 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR203-38) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Michael Dexter Little ("Little"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed an action pursuant to 28 U.S.C. § 2255 requesting that his sentence and conviction be vacated, set aside, or corrected. The Government filed a Response. For the reasons which follow, Little's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Little pleaded guilty to one count of conspiracy to defraud the Government, in violation of 18 U.S.C. § 286. Little was sentenced by the Honorable Anthony A. Alaimo to 92 months' imprisonment, to run consecutively with another federal sentence he was serving in Case Number 699-3. (CR203-38, Doc. No. 53.) Little filed an appeal and contended, in relevant part, that Judge Alaimo erred by enhancing his sentence pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.1 upon the finding that Little was a leader or organizer of a criminal scheme involving five or more participants. The

AO 72A
(Rev. 8/82)

Eleventh Circuit Court of Appeals affirmed Little's conviction and sentence. (Gov't's Ex. C.) Little did not file an application for certiorari review with the United States Supreme Court.

In the instant motion, Little asserts that his Sixth Amendment rights were violated because the Court imposed a sentence which was based on facts outside of his plea agreement. Little contends that he was given a four (4) point enhancement pursuant to U.S.S.G. § 3B1.1 based on his leadership role even though he did not plead guilty to the leadership enhancement. Little cites as support for this assertion Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005). Little alleges that he should be re-sentenced based on these cases and that his sentence should not be enhanced based on any alleged leadership role.

The Government avers that Little has procedurally defaulted his claims because he did not raise his Blakely and Booker claim at sentencing or on appeal. The Government also avers that the Eleventh Circuit rejected Little's challenge to the four (4) point enhancement on direct appeal, and, as a result, this Court is precluded from considering this claim. The Government asserts that sentencing guideline challenges are not cognizable on collateral review. The Government contends that Little's conviction became final before the Supreme Court decided Booker, and that this case is not retroactively applicable to cases on collateral review. The Government also contends that, even if Booker were retroactively applicable to cases on collateral review, Little would not be entitled to his requested relief because he waived his objections to the factual statements about his relevant conduct found in his Pre-Sentence Investigation Report.

2

## DISCUSSION AND CITATION OF AUTHORITY

"The holding in Booker is that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (Emphasis in original). However, "there is no Sixth Amendment violation under Booker" when a defendant "waive[s] his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admit[s] the facts in that report." United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) (citing United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005).

The record reveals that the Court asked Little at sentencing if he had any objections to the factual accuracy of the Pre-Sentence Investigation Report ("PSI"). Little stated that he had "no objections" to the factual accuracy of the PSI, and the Court adopted those facts[1] as its findings of fact. (CR203-38, Doc. No. 66, p. 3.) Because Little did not object to the facts of his case as outlined in his PSI, he admitted those facts. Thus, Little waived any objection to the factual accuracy of the PSI and his Sixth Amendment rights under Booker were not violated. In addition, Little raised this same argument during his direct appeal, although his argument was not necessarily benched in terms of Booker. The Eleventh Circuit Court of Appeals found this argument to be without merit. (Gov't's Ex. C., pp. 3-4.)

---

[1] The Eleventh Circuit determined that Little did not object to the facts in the PSI and that "[t]he undisputed facts from the PSI demonstrate that Little exercised decision-making authority, had an important role in the commission of the offense, recruited several accomplices, planned the scheme, and directed his accomplices' actions. . . . The district court did not clearly err in applying the leadership role enhancement under § 3B1.1." (Gov't's Ex. C, pp. 3-4.)

3

It is unnecessary to address the remaining grounds raised in the Government's Response to Little's Motion to Vacate.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Little's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)