**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

MICHAEL DEXTER LITTLE,                )
                                      )
              Petitioner,             )     CIVIL ACTION NO.: CV205-169
                                      )
       v.                             )
                                      )
UNITED STATES OF AMERICA,             )     (Case No.:  CR203-38)
                                      )
              Respondent.             )

# O R D E R

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.   In his Objections, Little contends that a review of the Pre-Sentence Investigation Report ("PSI") reflects that there is no mention of an enhancement for a leadership role pursuant to section 3B1.1 of the United States Sentencing Guidelines ("U.S.S.G.").  Little asserts that, contrary to the Magistrate Judge's and Government's assertions, the only mention of this enhancement came verbally from the United States Probation officer during sentencing.  Little also asserts that the Magistrate Judge "misrepresents the record." (CR 203-38, Doc. No. 94, p. 2.) Little avers that his counsel provided ineffective assistance during sentencing and on direct appeal by failing to mount a constitutional challenge to the § 3B1.1 enhancement.

AO 72A
(Rev. 8/82)

It is Little who misrepresents the record.  The PSI clearly details the conduct underlying the offense to which Little pleaded guilty.  (PSI, ¶¶ 4-18.)  Based on the offense conduct, the United States Probation Office recommended that Little's offense level be increased by four points, pursuant to U.S.S.G. § 3B1.1, for his leadership role in the conspiracy; this recommendation is set forth in paragraph 26 of the PSI.  Little objected to this enhancement prior to sentencing.  (PSI Addendum.)  During Little's sentencing hearing, the undersigned asked Little if he had any objections to the factual accuracy of the PSI.  Little stated that he did not, but that he did object to the probation officer's application of the sentencing guidelines as to Little's leadership role in the conspiracy.  (CR203-38, Doc. No. 66, pp. 3, 12.)  The undersigned allowed Little's counsel and the probation officer to address the Court on this issue, and the undersigned determined that Little "clearly demonstrated leadership qualities in pretty much directing this thing.  And I find that to be true by a preponderance of the evidence."  (CR203-38, Doc. No. 66, p. 14, ll. 19-21.)  In addition, Little's counsel filed an appeal with the Eleventh Circuit Court of Appeals and raised as error this Court's finding that Little performed a leadership role in the criminal conspiracy.  (Gov't's Ex. A, pp. 2, 8, 12-13.)  The Eleventh Circuit found this argument unavailing.  (Gov't's Ex. C., pp. 3-4.)  The record clearly demonstrates that the PSI contains information regarding a § 3B1.1 enhancement. The record also clearly demonstrates that Little's attorney objected to the use of this enhancement during sentencing and on appeal.

2

Little's Objections are without merit.  The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.  Little's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**.  The Clerk is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this _18_ day of _April_ , 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)